IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STEPHEN NEWMARK, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-605-L** |
| | § | |
| **UNITED STATES POSTAL SERVICE**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant United States Postal Service's Motion to Dismiss, filed March 31, 2011. After carefully reviewing the motion, record,[1] and applicable law, the court **grants** Defendant United States Postal Service's Motion to Dismiss.

**I.     Background**

Plaintiff Stephen Newmark ("Newmark"), proceeding *pro se*, originally brought suit against Defendant United States Postal Service (the "USPS") in the Justice of the Peace Court, Precinct Number 3, of Hunt County, Texas, on March 14, 2011. Newmark's alleged in his Small Claims Affidavit that the USPS failed to deliver parcels to him that had been properly cleared by United States Customs, resulting in a loss of $2,250. The USPS removed the action to this court on March 24, 2011, pursuant to 28 U.S.C. § 1442, because the underlying state civil action was brought against a United States agency.

The factual basis giving rise to this lawsuit is not fully developed. From the court's best understanding of the limited record before it, Newmark ordered certain products from the Ukraine

---

[1]Stephen Newmark filed no response to Defendant United States Postal Service's Motion to Dismiss.

**Memorandum Opinion and Order – Page 1**

to be delivered through the mail to his residence in Wolfe City, Texas. The products were shipped from the Ukraine and arrived in the United States; however, when the products arrived at the United States Post Office in Wolfe City, they were sent back to the Ukraine. Newmark contends that he never received the deliveries from the Ukraine and that the parcels were returned to their sender without his knowledge or consent. As a result, Newmark had no choice but to purchase the same products locally at his personal expense of $3,000.

The USPS now moves to dismiss Newmark's claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. The USPS asserts that this court lacks jurisdiction to consider Newmark's claim because he failed to exhaust all administrative remedies and because any claims arising out of loss, miscarriage, or negligent transmission of a postal matter is an exclusion of liability under the Federal Tort Claims Act (the "FTCA"). Additionally, the USPS argues that Newmark has set forth no plausible set of facts to support a claim for relief. Because the court, as discussed below, finds the USPS's subject matter jurisdiction arguments dispositive under Rule 12(b)(1), it does not analyze Newmark's claim under Rule 12(b)(6).

## II.   Legal Standard – Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction

conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**III.     Analysis**

The USPS contends that Newmark's claim is a tort that is rightfully captured under the FTCA. The FTCA permits private parties to sue the United States and its agencies in a federal court for most torts committed by persons acting on the government's behalf, and the FTCA serves as a limited waiver of sovereign immunity. *See* 28 U.S.C. § 2674. The court agrees that the FTCA

necessarily controls Newmark's claim against the USPS. Although Newmark does not explicitly invoke the FTCA in his Small Claims Affidavit, the court, taking into account Newmark's *pro se* status, construes Newmark's claim as such. If Newmark were not advancing his tort claim under the FTCA, sovereign immunity would prove an impassable hurdle and completely bar any claim against the United States or its agencies.

The USPS argues that, under the FTCA, the court lacks subject matter jurisdiction to consider Newmark's claim because Newmark has not exhausted his administrative remedies. The FTCA requires that "an action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). In support of its contention that Newmark has never presented his claim to the appropriate federal agency, the USPS provides the Declaration of Linda K. Crump as an attachment to its motion to dismiss.

Linda Crump is the supervisor and tort claims examiner with the USPS. Def.'s App. ¶ 1. She declares under penalty of perjury that she conducted a search of all USPS records of administrative tort claims submitted for adjudication maintained at the local and national levels for evidence of an administrative claim filed by or on behalf of Newmark. *Id.* ¶ 3. Her search revealed nothing. *Id.* Moreover, Newmark has not volunteered any information or provided any records to contradict the USPS's contention that he never filed an administrative claim. The court therefore determines that Newmark has failed to properly follow the procedures under the FTCA; the court accordingly lacks subject matter jurisdiction to adjudicate Newmark's claim until all administrative remedies are exhausted.

Additionally, the USPS contends that Newmark's claim is excluded from the FTCA's waiver of sovereign immunity. Specifically, the FTCA states that its provisions do not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The court determines that this plain language directly captures the essence of Newmark's claim, which seeks relief for the USPS's alleged mishandling of Newmark's mail. Accordingly, the court concludes that the government has not waived its sovereign immunity with respect to Newmark's claim in this case, and the court lacks subject matter jurisdiction to adjudicate the matter.[2]

## IV. Conclusion

For the reasons stated herein, the court **grants** Defendant United States Postal Service's Motion to Dismiss. The court determines that it lacks subject matter jurisdiction to adjudicate Newmark's claim, and this action is accordingly **dismissed without prejudice** for want of subject matter jurisdiction. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the court will issue a judgment by separate document.

**It is so ordered** this 27th day of June, 2011.

Sam A. Lindsay
United States District Judge

---

[2] Furthermore, to the extent that Newmark's claim alleges a violation of his constitutional rights, such claim is also barred because the FTCA does not act as a waiver of sovereign immunity for constitutional rights violations. *McAfee v. Fifth Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989).